# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIN YOUNG KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-643-G |
| | ) | |
| JTA CUSTOM HOMES, INC., | ) | |
| and JAY CHARLES WANTLAND, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014). Moreover, every court has the inherent power in the exercise of sound discretion to dismiss a cause for want of prosecution, *see, e.g.*, *Link v. Wabash R.R.*, 370 U.S. 626 (1962) (inherent power vested in courts to manage

own affairs to achieve orderly and expeditious disposition of cases), and to clear its calendar of a case that has remained dormant because of the inaction of the party seeking relief.

This matter was filed on July 1, 2018, against Wantland and co-defendant JTA Custom Homes, Inc. ("JTA"). *See* Compl. (Doc. No. 1). Kim caused summons to issue as to JTA. *See* Doc. 2. As to Wantland, however, Kim has taken no step to obtain service and sought no extension of the now-expired 90-day service period provided by Federal Rule of Civil Procedure 4(m). In the meantime, JTA filed a motion to dismiss, to which Kim failed to respond. That motion was deemed confessed pursuant to Local Civil Rule 7.1(g), and has been granted as a result of the Court determining that it lacked personal jurisdiction over JTA.

The Court finds that Kim has failed to prosecute this action in a diligent manner. Therefore, the Court DISMISSES without prejudice to refiling the claim asserted by Kim against defendant Wantland.

IT IS SO ORDERED this 2nd day of November, 2018.

<br>

CHARLES B. GOODWIN
United States District Judge